UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| CHEIKH TAMBADOU | : | DOCKET NO. 2:06-cv-1156<br>Section P |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| CRAIG ROBINSON, ET AL | : | MAGISTRATE JUDGE WILSON |

### REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Cheikh Tambadou, pursuant to 28 U.S.C. § 2241. By this petition, petitioner challenges the constitutionality of his continued detention in immigration custody without an individualized bond hearing. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

### FACTUAL SUMMARY

Petitioner is a Muslim native of Mauritania who entered the United States in February, 1996 at Miami, Florida. Petitioner applied for political asylum in September, 1997, withholding of removal, and voluntary departure. On September 25, 1997 an immigration judge ordered petitioner removed from the United States on the basis that he entered the United States without valid entry documents and denied petitioner's applications for relief. Petitioner appealed this decision to the Board of Immigration Appeals (BIA), and on November 22, 2002, the BIA dismissed his appeal. Thereafter petitioner filed a timely Petition for Review with the Second Circuit Court of Appeals, challenging the denial of his application for asylum and withholding of removal.

On January 18, 2005, petitioner pled guilty to Possession of a Firearm by an Illegal Alien in the United States District Court for the Middle District of Tennessee. On April 12, 2005, he was sentenced

to 10 months imprisonment for this offense and released on "time served" to immigration custody.

On April 15, 2005 petitioner was served with a Notice of Custody Determination which indicated that he was being held pursuant to the mandatory detention provisions of INA § 236.

On January 13, 2006, after petitioner was taken into immigration custody and while his Petition for Review was pending before the Second Circuit, petitioner filed the instant petition for writ of *habeas corpus* in the United States District Court for the Western District of Tennessee, claiming that he is not a criminal alien subject to INA § 236(c)'s mandatory detention provision, challenging the denial of an individualized bond hearing, and seeking his release from immigration custody.

On May 3, 2006, the Second Circuit granted petitioner's Petition for Review, vacated the BIA's removal order, and remanded the case to the BIA for further proceedings consistent with its decision. *Tambadou v. Gonzales*, 446 F.3D 298 (2nd Cir. 2006).

By order dated July 7, 2006, the petition for writ of *habeas corpus* was transferred to this court. Following an initial review of this petition, the undersigned directed that the petition be served on the respondent and that an answer be filed.

On December 28, 2006, an order of removal was issued against petitioner in New York.[1]  It does not appear that petitioner appealed this decision to the BIA.

## LAW AND ANALYSIS

Because petitioner is under a final order of removal, he is being detained in post-removal-order detention pursuant to INA §241(a)(6), not § 236(c). Section 241(a)6) specifically allows for detention of certain inadmissible or criminal aliens beyond the 90 day removal period established by INA

---

[1] This fact is not presented in the petition, but it was verified by the undersigned's office with the Immigration Court Information System, a telephonic, computerized service that provides status reports on past and pending immigration proceedings.  This system may be reached at 1-800-898-7180, and it requires the petitioner's alien number (A73-551-415).

§241(a)(1). In *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court recognized six months as a presumptively reasonable period of post-removal-order detention under INA § 241(a)(6) for immigration detainees. *Zadvydas*, 121 S.Ct. at 2504.

Petitioner's removal order became final no earlier than December 28, 2006, therefore, at this time, he has not been detained beyond the reasonably presumptive period of detention recognized by the Supreme Court in *Zadvydas*.

Accordingly,

IT IS RECOMMENDED that petitioner's petition be DENIED as premature and that this petition be DISMISSED without prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, April 17, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE